■ AMARNAUTH OUTAR et al., Appellants, v CITY OF NEW YORK, Respondent. [730 NYS2d 138] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated June 28, 2000, as denied their motion for summary judgment on the issue of liability on their cause of action to recover damages based on a violation of Labor Law § 240 (1), and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion and substituting therefor a provision granting the motion, and (2) deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the cause of action to recover damages based on a violation of Labor Law § 240 (1) and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The injured plaintiff (hereinafter the plaintiff), a track worker for the New York City Transit Authority (hereinafter the NYCTA), allegedly was injured while working on subway tracks. He was lifting pieces of track and replacing them when an unsecured dolly, which was used in his work and stored on top of a "bench wall" that was 5½ feet high and adjacent to the worksite, fell and hit him. The plaintiffs commenced this action against the defendant alleging, *inter alia*, that it violated Labor Law § 240 (1).

The plaintiffs moved for summary judgment on the issue of liability on the cause of action to recover damages based on a violation of Labor Law § 240 (1), and the defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the motion and granted the cross motion on the ground, *inter alia*, that the accident did not involve an elevation risk necessary to implicate the special protections afforded by Labor Law § 240 (1). We disagree.

The plaintiff alleged that he was injured when the unsecured dolly fell from the top of the bench wall while he was engaged in replacing pieces of the tracks, and the defendant did not assert that the dolly was secured prior to the accident. Thus, the plaintiffs were entitled to summary judgment on the issue of liability on their cause of action to recover damages based on a violation of Labor Law § 240 (1) (*see, Tkach v City of New York,* 278 AD2d 227; *Baker v Barron's Educ. Serv. Corp.,* 248 AD2d 655; *Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523; *cf., Narducci v Manhasset Bay Assocs.,* 96 NY2d 259). Moreover, contrary to the Supreme Court's determination and the defendant's contention, the height differential was suf-

ficient to implicate the special protections afforded by Labor Law § 240 (1) (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Zimmer v Chemung County Performing Arts,* 65 NY2d 513; *Spike v Hollands' Lbr. Co.,* 198 AD2d 891; *cf., Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657). Therefore, the plaintiffs' motion is granted, and that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240 (1) is denied.

The case relied upon by the defendant, *Rodriguez v Tietz Ctr. for Nursing Care* (84 NY2d 841), is inapposite. In *Rodriguez,* the special protections afforded by Labor Law § 240 (1) were not implicated since the plaintiff was injured when the beam he and his co-workers were carrying dropped from their hands. The fall of an object carried by hand, unlike the fall of the unsecured dolly here, does not implicate the special protections afforded by Labor Law § 240 (1) (*see, Carroll v Timko Contr. Corp.,* 264 AD2d 706).

In light of our determination, we need not reach the parties' remaining contentions. Bracken, P. J., Florio, Schmidt and Adams, JJ., concur.