■ DAVID ORNER, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Defendant, and MORSE DIESEL INTERNATIONAL, INC., et al., Respondents. [740 NYS2d 414] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated September 24, 2001, as denied that branch of his motion which was for partial summary judgment on his Labor Law § 240 (1) claims against the defendants Morse Diesel International, Inc., and JFK International Air Terminal, LLC, and, upon searching the record, dismissed those claims.

Ordered that the order is reversed insofar as appealed from, with costs, the claims pursuant to Labor Law § 240 (1) are reinstated insofar as asserted against the respondents, and the branch of the plaintiff's motion which was for summary judgment on those claims is granted.

The plaintiff, an electrician, was injured while working on the ground floor of a construction project when he was hit upon the head and neck by unsecured roofing material that had fallen from the roof. The Supreme Court erred in denying the plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claims against the respondents. Labor Law § 240 (1) was intended to address this sort of elevation-related risk (*see Rosa v Macy Co.,* 272 AD2d 87; *Beauchesne v City of New York,* 261 AD2d 145). Labor Law § 240 (1) evinces a clear legislative intent to provide exceptional protection for workers against the special hazards that arise when the work site ei-

ther is itself elevated or is positioned below the level where materials or loads are hoisted or secured (*see Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500-501).

The respondents' reliance on *Narducci v Manhasset Bay Assoc.* (96 NY2d 259), to support the result in the Supreme Court, is misplaced. The Court of Appeals in *Narducci* clearly recognized that a plaintiff may recover under Labor Law § 240 (1) where an object, falling from a height, was not properly secured. The fact that the waterproofing material in that case was not being hoisted did not prove that it was adequately secured (*see Narducci v Manhasset Bay Assoc., supra* at 268 [liability where "there is a failure to use necessary and adequate hoisting *or* securing devices" (emphasis added)]; *Outar v City of New York,* 286 AD2d 671, 672 [fall of an *unsecured* dolly from 5½-foot elevation]). Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.