■ JOHN ORTLIEB, Respondent, v TOWN OF MALONE, Appellant. [763 NYS2d 174] —Mercure, J. Appeal from an order of the Supreme Court (Demarest, J.), entered December 11, 2002 in Franklin County, which, inter alia, granted plaintiff's motion for partial summary judgment.

Plaintiff, a "pipe layer," was installing a water line for defendant when a 20-foot section of iron ductile pipe, weighing approximately 850 pounds, rolled into the six-foot deep trench in which he was working, injuring him. Plaintiff's crew had braced the pipe with blocks, clumps of dirt, rocks or wood. Nevertheless, vibrations from a trackhoe and muddy conditions caused the pipe to become loose and roll down a 15-foot slope before falling into the trench and striking plaintiff.

Plaintiff thereafter commenced this action, alleging violations of Labor Law § 240 (1) and § 241. Following joinder of issue, plaintiff sought partial summary judgment on the issue of liability under Labor Law § 240 (1). Defendant cross-moved for summary judgment dismissing plaintiff's section 240 (1) claim. Supreme Court granted plaintiff's motion and denied defendant's cross motion, concluding that a Labor Law § 240 (1) violation had been established because plaintiff was exposed to a gravity-related hazard due to the height differential between the work site and the position of the pipe section that fell. Defendant appeals and we now affirm.

Labor Law § 240 (1) was designed to prevent those types of accidents in which certain enumerated protective devices "prove[ ] inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis in original]). In cases that involve falling objects, "Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in * * * the relative elevation * * * at which materials or loads must be positioned or secured' " (*Narducci v Manhasset Bay*

*Assoc.*, 96 NY2d 259, 267-268 [2001], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Section 240 (1) does not apply in every instance where a worker is injured by a falling object; instead, the plaintiff must demonstrate that the object "that fell on plaintiff was * * * material being hoisted or a load that required securing *for the purposes of the undertaking* at the time it fell" (*Narducci v Manhasset Bay Assoc., supra* at 268 [emphasis added]). Moreover, a plaintiff must demonstrate "that the object fell, while being hoisted or secured, *because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.* at 268 [emphasis in original]).

Here, plaintiff was standing in a portion of the trench that was four to five feet deep when the bracing or blocks supporting the pipe at ground level failed, causing it to roll into the trench. One portion of the pipe fell six feet into a deeper portion of the trench and the other end fell three feet prior to striking plaintiff. The pipe had been laid out along the trench to be installed as a water line and, thus, was "a load that required securing for the purposes of the undertaking" (*id.* at 268). Accordingly, plaintiff was exposed to an elevation-related hazard because his work site was positioned below the level where the pipe was secured and his injury was the result of "being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co., supra* at 501; *see Van Eken v Consolidated Edison Co. of N.Y.*, 294 AD2d 352, 353 [2002]; *Orner v Port Auth. of N.Y. & N.J.*, 293 AD2d 517, 517-518 [2002]; *Outar v City of New York*, 286 AD2d 671, 672-673 [2001]; *Panattoni v Inducon Park Assoc.*, 247 AD2d 823, 823 [1998]).

The cases relied upon by defendant involving the collapse of trench walls are distinguishable inasmuch as they involved the ordinary dangers of a construction site, rather than elevation-related risks (*see O'Connell v Consolidated Edison Co. of N.Y.*, 276 AD2d 608, 609-610 [2000]; *Vitaliotis v Village of Saltaire*, 229 AD2d 575, 575 [1996]; *Staples v Town of Amherst*, 146 AD2d 292, 294 [1989]; *see also Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]). Defendant's reliance on cases involving objects dislodged from the ground is also misplaced because the objects there did not fall while being secured or due to the inadequacy of safety devices (*see Matter of Fischer v State of New York*, 291 AD2d 815, 815-816 [2002]; *Hamann v City of New York*, 219 AD2d 583, 583 [1995]; *see also Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996 [2003]).

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.