■ Claire Gruppo, Respondent, v Gabrielle London, Appellant. (And a Third-Party Action.) [808 NYS2d 79]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about June 9, 2005, which, in an action for breach of contract and architectural malpractice, inter alia, granted plaintiff's motion for partial summary judgment as to liability for architectural malpractice, unanimously affirmed, without costs.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) on the issue of defendant's liability for architectural malpractice. Her proof, including an affidavit from a licensed architect who had been involved in the design of the building affected by the alleged malpractice, established that although defendant was retained to investigate how plaintiff's apartment could be combined with an adjoining apartment into a single unit, and, in that connection, to conduct a survey of existing conditions and draw up working drawings and written specifications for the project, she instead devised a plan without reviewing the building's original plans or conducting a test probe on the wall whose demolition she proposed, which, proper investigation would have disclosed, was of a load-bearing or structural nature.

Defendant's opposition to summary judgment, consisting of no more than the unsubstantiated affirmation of counsel, who lacked personal knowledge of the facts, was insufficient to raise a triable issue (*see JMD Holding Corp.*, 4 NY3d at 384-385; *Ruggiero v Cardella Trucking Co.*, 16 AD3d 342, 344 [2005]). Nor was defendant's speculation that discovery might reveal grounds to impugn the credentials of plaintiff's expert and/or the basis for his knowledge, sufficient to avoid summary judgment (*see White v New York City Tr. Auth.*, 308 AD2d 341, 343 [2003]; *Jean v Zong Hai Xu*, 288 AD2d 62 [2001]). Concur—Mazzarelli, J.P., Andrias, Marlow, Williams and Sweeny, JJ.