GARY JOCK et al., Appellants-Respondents, v LANDMARK HEALTHCARE FACILITIES, LLC, et al., Respondents-Appellants. [879 NYS2d 227]—

Spain, J. Cross appeals from an order of the Supreme Court (Donohue, J.), entered March 24, 2008 in Columbia County, which, among other things, denied plaintiffs' cross motion for partial summary judgment.

Plaintiff Gary Jock (hereinafter plaintiff), an ironworker employed by Brownell Steel, was positioned on a scissor lift at a construction site when a load of steel decking that was being hoisted above him by a crane abruptly came down and struck him on his head, causing injuries. Brownwell was the subcontractor responsible for erecting steel in the construction of an office building and parking garage on property owned by defendant Columbia Memorial Hospital. Defendant Landmark Healthcare Facilities, LLC, the developer for the project, had hired defendant Pike Company, Inc. as the general contractor. Plaintiff and his wife, derivatively, thereafter commenced this action, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Plaintiffs cross-moved for partial summary judgment on liability on their Labor Law § 240 (1) and § 241 (6) claims, withdrew their Labor Law § 200 claim, and moved for leave to amend their bill of particulars to add specific Industrial Code violations. Supreme Court denied defendants' motion and plaintiffs' cross motion for partial sum-

mary judgment, but granted plaintiffs' motion to amend. The parties have cross-appealed.

Liability under Labor Law § 240 (1), which applies to falling objects as well as falling workers, requires a showing that safety devices like those enumerated in the statute were absent, inadequate or defective, and that this was a proximate cause of the object's fall, i.e., for the gravity-related injury (*see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *Heidelmark v State of New York*, 1 AD3d 748, 748-749 [2003]; *see also Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501 [1993]). While not all injuries caused by falling objects come within the ambit of Labor Law § 240 (1), it does afford protection where the falling of an object is related to "a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268 [internal quotation marks and citation omitted]; *see Ortlieb v Town of Malone*, 307 AD2d 679, 679-680 [2003]),[1] i.e., to objects that "require[ ] securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]).

Here, plaintiffs demonstrated prima facie entitlement, on their cross motion, to partial summary judgment on their Labor Law § 240 (1) claim. Plaintiffs submitted an affidavit of the only eyewitness, Frank Cree, which provided an uncontroverted account of the accident. Cree recounted that he was at ground level assigned to signal the crane operator and guide the landing of the steel panels at ground level and plaintiff was on a scissor lift one floor below when Cree observed the crane, elevated on a gravel mound one floor above Cree, hoist steel panels and move past him, directly in plaintiff's path. Suddenly, from a height of 100 to 150 feet, "the load . . . accelerated downward in a free-fall directly towards [plaintiff]," striking plaintiff and causing him to go down on his knees; the crane operator then raised the load and set it on the ground. He estimated that the decking was about 20 to 30 feet long and asserted that while two chokers were used to attach the load to the crane's spreader hooks, no tag lines or other devices were used to steady the load during the hoisting process. Plaintiffs also relied upon plaintiff's deposition testimony, submitted on defendants' motion, in which he explained that while he did not see what hit him or recall the immediate aftermath of the accident, he did recall something pushing down on his hard hat.

---

1. Liability for falling objects is no longer "limited to cases in which the falling object is in the process of being hoisted or secured" (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]).

He also remembered that a few seconds prior to the accident, he saw the boom of the crane, located 10 to 20 feet above the level where he was positioned on the lift, raising a steel load. The foregoing demonstrated, prima facie, that plaintiff, while exposed to an elevation-related hazard, was hit and injured by a falling object, i.e., a load that required securing, because of the absence of adequate safety devices, which hazard was a proximate cause of the accident (*see Outar v City of New York*, 5 NY3d at 732, *affg* 286 AD2d 671, 672 [2001]; *Heidelmark v State of New York*, 1 AD3d at 749; *Ortlieb v Town of Malone*, 307 AD2d at 680; *Stang v Garbellano*, 262 AD2d 853, 853-854 [1999]; *Diamond v Reilly Homes Constr. Corp.*, 245 AD2d 763, 764-765 [1997]; *see also Brown v VJB Constr. Corp.*, 50 AD3d 373, 376-377 [2008]; *Cruci v General Elec. Co.*, 33 AD3d 838, 839 [2006]; *Cammon v City of New York*, 21 AD3d 196, 200-201 [2005]; *Costa v Piermont Plaza Realty, Inc.*, 10 AD3d 442, 444 [2004]).

Defendants failed, in opposition, to submit evidence raising triable issues of material fact (or, on their own motion, to establish their entitlement to summary judgment) on their liability under Labor Law § 240 (1). In support of their motion, defendants relied upon the deposition testimony of plaintiff, discussed above, and of Pike's project manager, William Galley, who was not working on the site at the time of this accident and had no personal knowledge of the circumstances attendant to it. Galley did testify, however, that swinging a hoisted load with a crane over a worker is a safety hazard. In opposition to plaintiffs' cross motion, defendants submitted the affidavit of Peter Mienaltowski, Brownell's supervisor at the time of this incident, who had signed the incident report which attributes the accident to the crane's master clutch being "slightly out of adjustment" and the operator's failure to stop before hitting plaintiff with the load. However, neither Mienaltowski's affidavit nor the incident report claims that he was present at the accident or even that he was present immediately before or after it occurred. Indeed, the basis of his knowledge and representations is not revealed or inferable and, given the failure to demonstrate that he had personal knowledge of the circumstances of this accident, the affidavit is without evidentiary value and insufficient to defeat plaintiffs' showing (*see Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]; *Antokol & Coffin v Myers*, 30 AD3d 843, 846 [2006]; *Gruppo v London*, 25 AD3d 486, 487 [2006]; *Wechsler v People*, 13 AD3d 941, 944 [2004]; *Webb v Tire & Brake Distrib., Inc.*, 13 AD3d 835, 837-838 [2004]; *see also* CPLR 3212 [b]; *Vermette v Kenworth Truck Co.*, 68 NY2d 714, 717 [1986]; *cf. JMD Holding Corp. v Congress Fin.*

*Corp.*, 4 NY3d 373, 384-385 [2005]). "[M]ere conclusions . . . or unsubstantiated allegations or assertions are insufficient" to defeat a prima facie showing (*Zuckerman v City of New York*, 49 NY2d at 562).

Even were we to consider Mienaltowski's affidavit, we would find that it fails to meaningfully rebut plaintiffs' prima facie showing that plaintiff was hit by sufficiently elevated, hoisted materials which fell because they were inadequately secured, and that any safety devices in fact used "failed in [their] core objective of preventing the object[s] from falling" (*Brown v VJB Constr. Corp.*, 50 AD3d at 377; *see Outar v City of New York*, 5 NY3d at 732; *Ross v Curtis-Palmer Hyrdo-Elec. Co.*, 81 NY2d at 501; *Cammon v City of New York*, 21 AD3d at 200; *cf. Corey v Gorick Constr. Co.*, 271 AD2d 911, 913-914 [2000]). The supervisor's affidavit does not controvert that the elevated load abruptly descended, striking plaintiff's head, or claim that any devices of the type enumerated in the statute, other than tag lines, were used. Defendants' proof that the crane may have malfunctioned or have been improperly operated does not defeat plaintiffs' motion, because that proof could not, even if fully credited, establish that adequate safety devices were furnished, that the conduct of the plaintiff was "the sole proximate cause" of this accident (*Petticrew v St. Lawrence Cement, Inc.*, 57 AD3d 1266, 1268 [2008]) or that the alleged operator error was an intervening superseding cause (*see Gordon v Eastern Ry. Supply*, 82 NY2d 555, 562 [1993]; *Girty v Niagara Mohawk Power Corp.*, 262 AD2d 1012, 1014 [1999]; *see also Robinson v East Med. Ctr., LP*, 6 NY3d 550, 554 [2006]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 290-291 [2003]; *Dalaba v City of Schenectady*, 61 AD3d 1151, 1152-1153 [2009]; *Cammon v City of New York*, 21 AD3d at 201 [a defendant is not absolved of liability where the "plaintiff's injuries are at least partially attributable to the defendant's failure to provide protection as mandated by (Labor Law § 240 [1])"]; *Morin v Machnick Bldrs.*, 4 AD3d 668, 670 [2004]; *Raczka v Nichter Util. Constr. Co.*, 272 AD2d 874, 874 [2000] [the plaintiff not required to prove reason for malfunction]; *cf. Jaeger v Costanzi Crane*, 280 AD2d 743, 744 [2001] [Labor Law § 240 claim dismissed when a beam lowered in controlled manner crushed the plaintiff's hand and crane did not malfunction or fail]; *Corey v Gorick Constr. Co.*, 271 AD2d at 913 [Labor Law § 240 claim dismissed when hoisted beam intentionally released and did not fall as a result of defective or malfunctioning mechanism or operator error]). Thus, plaintiffs were entitled to partial summary judgment on their Labor Law § 240 (1) claim.

Next, plaintiffs claim entitlement to summary judgment on

their Labor Law § 241 (6) claim.[2] Supreme Court correctly denied plaintiffs' cross motion to this extent because their complaint and original bill of particulars had relied on only general subparts in the Industrial Code (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 349 [1998]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 503-504). The court then granted plaintiffs' post-note of issue motion to amend their bill of particulars (*see* CPLR 3025 [b]) to add and limit their claim to specific sections which defendants are alleged to have violated (*see* 12 NYCRR 23-8.1 [f] [2] [i]; [6]; 23-8.2 [c] [3]),[3] but declined to award plaintiffs summary judgment based upon those newly added explicit regulations due to the unfairness to defendants. Given that plaintiffs engaged in a dilatory practice which the court found to be unjustified (*see Mills v Niagara Mohawk Power Corp.*, 262 AD2d 901, 902 [1999]) and were nevertheless permitted to amend their bill of particulars (*cf. Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061 [2006]), we cannot conclude that the court abused its discretion in declining at that juncture to also award plaintiffs summary judgment based upon the belatedly added specific alleged violations (*cf. Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479, 480 [2007]). In any event, on this record, plaintiffs did not establish as a matter of law that defendants violated those specific code provisions or that the violations were a proximate cause of plaintiff's injuries.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' cross motion for partial summary on the Labor Law § 240 (1) cause of action; cross motion granted to said extent; and, as so modified, affirmed.

---

**2.** Defendants have abandoned their claim to entitlement to summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim by failing to address it in their brief on appeal.

**3.** Plaintiffs had cited 12 NYCRR subpart 23-8, among many, in their original bill of particulars without citing any specific sections so as to identify the specific rules violated.