■ ALIK RAVINOV et al., Appellants, v POPEYE's et al., Defendants, and POPYORK, LLC, Respondent. [891 NYS2d 473]—

The injured plaintiff Alik Ravinov (hereinafter the plaintiff) was involved in the renovation, demolition, and reconstruction of a room inside a building owned by the defendant Popyork, LLC, which does business as Popeye's (hereinafter the defendant). Prior to the plaintiff commencing his portion of the work, the interior walls and the dropped ceiling of the room had been demolished by the defendant's workers so as to permit a complete renovation and reconstruction of that room. This work by the defendant's workers revealed the actual ceiling of the room and exposed a skylight covered by a metal grating. The metal grating was affixed to the actual ceiling which was a permanent part of the building.

The plaintiff, while standing on a ladder and performing plumbing work in that room, allegedly was injured when the metal grating became detached from the actual ceiling. When the metal grating fell, it struck the plaintiff on his unprotected head and knocked him off the ladder, causing him to fall to the ground. The plaintiffs subsequently moved for summary judgment on the issue of liability against Popyork, LLC, under Labor Law § 240 (1). The Supreme Court denied the motion. We affirm.

The record shows the existence of issues of fact, including, inter alia, whether or not the aforementioned renovation, demolition, and reconstruction work was such that the actual ceiling, including the grating, which were permanent parts of the building, were required to be secured by "a hoisting or securing device of the [type] enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). Accordingly, summary judgment was properly denied (*see* Labor Law § 240

[1]; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 267-268 [2001]; *Marin v AP-Amsterdam 1661 Park LLC,* 60 AD3d 824 [2009]; *Outar v City of New York,* 5 NY3d 731 [2005], *affg* 286 AD2d 671, 672 [2001]; *Orner v Port Auth. of N.Y. & N.J.,* 293 AD2d 517 [2002]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Dillon, J.P., Santucci, Florio and Hall, JJ., concur.