Wellington v Christa Constr. LLC (2018 NY Slip Op 03199)





Wellington v Christa Constr. LLC


2018 NY Slip Op 03199


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

525554

[*1]DANIEL WELLINGTON et al., Respondents- Appellants,
v
CHRISTA CONSTRUCTION LLC, Respondent- Appellant, and TOWER ROOFING COMPANY, INC., Appellant- Respondent. (And a Third-Party Action.)

Calendar Date: March 28, 2018

Before: Garry, P.J., McCarthy, Lynch, Clark and Pritzker, JJ.


Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Brady J. O'Malley of counsel), for appellant-respondent.
Hack & Rose, LLP, New York City (Robert F. Garnsey, Astoria, of counsel), for Daniel Wellington and another, respondents-appellants.
Santacrose & Frary, Albany (Keith M. Frary of counsel), for Christa Construction LLC, respondent-appellant.


Garry, P.J.

MEMORANDUM AND ORDER
Cross appeal from an order of the Supreme Court (Tait, J.), entered December 5, 2016 in Broome County, which, among other things, partially denied a cross motion by defendant Tower Roofing Company Inc. for partial summary judgment and denied a motion by defendant Christa Construction LLC for summary judgment on certain cross claims.
Plaintiff Daniel Wellington, who was employed by a masonry subcontractor, was setting up a scaffold at ground level during the renovation of a college dormitory when he was struck in the head by a truck tire rim that fell from the roof several stories overhead. The tire rim weighed between 25 and 30 pounds. It had been placed on the flat roof by defendant Tower [*2]Roofing Company, Inc., the roofing subcontractor, to be used as a support for a safety warning barrier to alert workers that they were near the edge. The weather was "very gusty," Tower's employees were working in a different part of the roof, and defendant Christa Construction LLC, the general contractor, asserts that, because of the windy conditions, no employees of any contractor were working in the roof area above Wellington's work site at the time. There was testimony that other, smaller items had blown off that part of the roof shortly before the tire rim fell. Surveillance video depicted a piece of roofing insulation falling to the ground immediately after the tire rim fell and struck Wellington.
Wellington and his spouse, derivatively, commenced this action against Tower and Christa,[FN1] alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). Following discovery, plaintiffs moved for partial summary judgment on the issue of liability under Labor Law § 240 (1). Christa opposed plaintiffs' motion and moved for summary judgment against Tower on Christa's cross claims for contractual defense and indemnification. Tower opposed plaintiffs' motion and Christa's motion, cross-moved for summary judgment against Christa on the cross claims, and cross-moved for summary judgment dismissing plaintiffs' complaint in its entirety or, alternatively, dismissing plaintiffs' claims under Labor Law
§§ 240 (1) and 241 (6). Supreme Court partially granted Tower's cross motion against plaintiffs by dismissing their Labor Law
§ 241 (6) claim, and otherwise denied the remaining motions. This cross appeal by plaintiffs, Christa and Tower ensued.
Initially, we reject Tower's argument that plaintiffs' claims against it pursuant to Labor Law §§ 200 and 240 (1) should be dismissed on the ground that Wellington was employed by another subcontractor and Tower had no authority over his work or the ground-level area where he was injured. Liability is imposed upon a subcontractor under Labor Law § 200 only when the subcontractor "ha[d] the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981]; accord Mitchell v T. McElligott, Inc., 152 AD3d 928, 929-930 [2017]; see Rice v City of Cortland, 262 AD2d 770, 771-772 [1999]). Likewise, prime contractors and subcontractors may be held liable under Labor Law § 240 (1) "only if they [were] acting as the agents of the owner or general contractor by virtue of the fact that they had been given the authority to supervise and control the work being performed at the time of the injury" (Musselman v Gaetano Constr. Corp., 285 AD2d 868, 869 [2001] [internal quotation marks, emphasis and citations omitted]; see Tomyuk v Junefield Assoc., 57 AD3d 518, 521 [2008]; Hornicek v William H. Lane, Inc., 265 AD2d 631, 631-632 [1999]; see also Paolangeli v Cornell Univ., 296 AD2d 691, 693 [2002]).
Although the injury occurred in Wellington's work area, the activity that brought it about did not take place there and had nothing to do with his work (compare Walsh v Sweet Assoc., 172 AD2d 111, 113-114 [1991]). Instead, the injury was brought about by Tower's placement of the tire rim in its own work area — the roof — for use in furtherance of its own activities. It is undisputed that Tower owned the tire rim, and a supervisor for Tower testified that it was each contractor's responsibility to secure its own work materials and equipment. Further, although Tower's employees were not working on that part of the roof when the accident occurred, Tower had contracted with Christa to work on the entire roof, and its employees testified that the tire rim had been stored for future use when Tower resumed work in that area. [*3]This evidence establishes that Tower had the authority to supervise and control both the activity that caused the injury and the area where that work occurred; thus, Tower failed to establish that it cannot be held liable under Labor Law § 200 or § 240 (1). For the same reasons, Tower is not entitled to dismissal of plaintiffs' common-law negligence claim (see generally Russin v Louis N. Picciano & Son, 54 NY2d at 316-317; Rice v City of Cortland, 262 AD2d at 772-773).
We likewise reject Tower's argument that this case falls outside the ambit of Labor Law § 240 (1). The statutory protections arise when "the falling of an object is related to a significant risk inherent in the relative elevation at which materials or loads must be positioned or secured" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001] [internal quotation marks, ellipsis and citations omitted]). The object must have been "material being hoisted or a load that required securing for the purposes of the undertaking," and it must have fallen "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (id. at 268 [emphasis omitted]; accord Ortlieb v Town of Malone, 307 AD2d 679, 680 [2003]; see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014])[FN2]. Here, a significant elevation-related risk was inherent in the placement of the tire rim on a roof several stories above an area where others were working, particularly in windy conditions. The tire rim, as part of a safety system mandated by federal regulations, was an integral part of Tower's undertaking in renovating the roof, and, because of the hazard created by the elevation differential, it plainly "required securing for the purposes of [that] undertaking" (Outar v City of New York, 5 NY3d 731, 732 [2005]; accord Matthews v 400 Fifth Realty LLC, 111 AD3d 405, 406 [2013]; see Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517, 517-518 [2002]).[FN3]
As for the absence or inadequacy of a safety device, several witnesses testified that tire rims were commonly used in the industry as supports for safety warning systems like the one at issue here, and that cinder blocks and sandbags were sometimes used to secure them by adding additional weight. Tower's president testified, however, that it was not Tower's practice to use such securing devices because a tire rim's weight was enough to keep it from falling. In effect, Tower relied upon the tire rim's heaviness as a substitute for a safety device — a method that "clearly failed in its core objective of preventing the [tire rim] from falling because [it], in fact, fell, injuring [Wellington]" (Brown v VJB Constr. Corp., 50 AD3d 373, 377 [2008]; see Flowers v Harborcenter Dev., LLC, 155 AD3d 1633, 1634 [2017]; Williams v Town of Pittstown, 100 AD3d 1250, 1251 [2012]; Jock v Landmark Healthcare Facilities, LLC, 62 AD3d 1070, 1073 [2009]). The accident thus fell within the protection of Labor Law § 240 (1), and Tower's motion for summary judgment dismissing plaintiffs' cause of action pursuant to that statute was properly denied.
Based upon the same evidence, we find that plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) should have been granted. Plaintiffs established their prima facie entitlement to judgment as a matter of law on this issue by demonstrating "that [Wellington], while exposed to an elevation-related hazard, was hit and injured by a falling object, i.e., a load that required securing, because of the absence of adequate safety devices, which hazard was a proximate cause of the accident" (Jock v Landmark Healthcare Facilities, LLC, 62 AD3d at 1072). We disagree with Supreme Court that expert testimony was required to determine whether and how the tire rim should have been secured; in the circumstances presented here, the very fact that the tire rim fell established a statutory violation. Expert evidence on such matters as the roofing industry's safety practices related to the use of warning barriers on rooftops may ultimately be helpful in determining whether Tower was negligent. However, that is a separate question from its absolute liability under Labor Law § 240 (1), which "is not predicated on fault" (Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179 [1990]). As plaintiffs met their prima facie burden of establishing a statutory violation, and Tower failed to demonstrate a triable question of fact on that issue, summary judgment as to Tower's statutory liability should have been granted to plaintiffs (see Escobar v Safi, 150 AD3d 1081, 1083 [2017]; Pritchard v Tully Constr. Co., Inc., 82 AD3d 730, 730-731 [2011]; Jock v Landmark Healthcare Facilities, LLC, 62 AD3d at 1072; Heidelmark v State of New York, 1 AD3d 748, 749 [2003]; Stang v Garbellano, 262 AD2d 853, 854 [1999]).[FN4]
Finally, Supreme Court properly denied the motions by Christa and Tower for summary judgment on the issue of contractual defense and indemnification. "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491 [1989]; accord LaFleur v MLB Indus., Inc., 52 AD3d 1087, 1088 [2008]). Christa's subcontract with Tower provides, in pertinent part, that "[Tower] shall defend, indemnify and hold harmless [Christa] . . . from all claims for bodily injury and property damage that may arise from the performance of [Tower's work] to the extent of the negligence attributed to such acts and omissions by [Tower]" (emphasis added). This language "unequivocally manifests the contracting parties' intention that [Christa] is to be indemnified only for those losses flowing from [Tower's] negligence" (Edwards v International Bus. Machs. Corp., 174 AD2d 863, 865 [1991]). No finding has yet been made as to whether Tower was negligent.
We disagree with Christa that the affidavit of its expert engineer, Ernest Gailor, established Tower's negligence as a matter of law. Based upon his review of the surveillance video, deposition transcripts and other evidence, Gailor opined that Tower had either used the tire rim to weigh down roofing insulation that it had stored on the roof or had stored these items close together, that the insulation could have "act[ed] like a large sail" and lifted or pushed the tire rim off the roof, that the accident was caused by Tower's failure to properly secure the tire rim and the insulation in combination with the wind, and that this failure was a violation of generally accepted safety standards. Tower challenged Gailor's opinion with its employees' deposition testimony that Tower did not store any materials under the tire rim and that no insulation was stored near the tire rim on the day of the accident, and also with the testimony of another witness who said that the tire rim was not being stored on the day of the accident and that he saw it being used as part of a safety warning line. Based upon this conflicting evidence, Supreme Court correctly concluded that a factual question regarding Tower's negligence bars summary judgment on Christa's cross claims for contractual defense and indemnification at this [*4]juncture (see Steuhl v Home Therapy Equip., Inc., 51 AD3d 1101, 1105 [2008]; Wensley v Argonox Constr. Corp., 228 AD2d 823, 825 [1996], lv denied 89 NY2d 861 [1996]; Edwards v International Bus. Machs. Corp., 174 AD2d at 865).
McCarthy, Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1); said motion granted to that extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Although other defendants were originally named in the complaint, the action was dismissed against said defendants by stipulation of all parties.

Footnote 2: It is well-established that "'falling object' liability under Labor Law § 240 (1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759 [2008]). 

Footnote 3: Contrary to Tower's argument, the fact that the tire rim was itself part of a safety device used to prevent workers from falling off roofs does not preclude a determination that Labor Law § 240 (1) required it to be secured to prevent it from injuring workers at a lower elevation (see e.g. Smith v Jesus People, 113 AD2d 980, 982-983 [1985] [Labor Law § 240 (1) applied when part of a scaffold fell on a worker]).

Footnote 4: For obvious reasons, no claim has been made that Wellington was the sole proximate cause of his injuries.