Tropea v Tishman Constr. Corp. (2019 NY Slip Op 03533)





Tropea v Tishman Constr. Corp.


2019 NY Slip Op 03533


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


301679/14 8934A 84082/14 8934

[*1] Joseph V. Tropea, Plaintiff-Respondent,
v
Tishman Construction Corp., et al., Defendants, USIS Systems, Inc., Defendant-Appellant. 
[And a Third Party Action]


Fleischner Potash Cardali Chernow Coogler Greisman Stark & Stewart LLP, New York (Daniel Stewart of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Michael H. Zhu for respondents-appellants.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about November 1, 2017, insofar as it granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, and denied the motions of defendants/third-party plaintiffs AECOM Technology Corporation (AECOM), Mack-Cali Realty Corporation and M-C 125 Broad C LLC (collectively, the AECOM defendants), and USIS Systems, Inc. for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs. Appeal from the foregoing order, insofar as it granted USIS Electric's motion for summary judgment dismissing the AECOM defendants' third-party claim for contractual indemnification against USIS Electric, unanimously dismissed, without costs.
The cable tray that fell on plaintiff's head from atop two ladders was an object that required securing to prevent it from falling (see Outar v City of New York, 5 NY3d 731 [2005], affg 286 AD2d 671 [2d Dept 2001]; Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686 [1st Dept 2017]). The distance the tray fell was not de minimis and "the harm to plaintiff was the direct consequence of the application of the force of gravity" upon the unsecured cable tray (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]). Moreover, securing the cable tray against falling would not have been contrary to the purpose of the work (see Ragubir v Gibraltar Mgt. Co., Inc., 146 AD3d 563, 564 [1st Dept 2017]; Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011]).
Supreme Court correctly concluded that USIS Systems was liable under Labor Law § 240(1) as an agent of the owner (Russin v Louis N. Picciano & Scahill, P.C., Bethpage (of counsel), for & Son, 54 NY2d 311, 318 [1981]). Here, the terms of the subcontract by which USIS Systems subcontracted the work to USIS Electric demonstrate that USIS Systems had been delegated authority to direct and control the work (see Weber v Baccarat, Inc., 70 AD3d 487, 488 [1st Dept 2010]). Moreover, as premises lessee which contracted for the work, AECOM was an owner within the meaning of Labor Law § 240(1) (Zaher v Shopwell, Inc., 18 AD3d 339, 339-340 [1st Dept 2005]. We dismiss the appeal from the order insofar as the order granted USIS [*2]Electric's motion to dismiss the third-party complaint, since the AECOM defendants did not serve USIS Electric with the appendix and brief (see 22 NYCRR 1250.9[2]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK