| |
|---|
| **Wright v New York City Hous. Auth.** |
| 2023 NY Slip Op 34566(U) |
| December 19, 2023 |
| Supreme Court, New York County |
| Docket Number: Index No. 160535/2022 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. NICHOLAS W. MOYNE</u>    PART 52

*Justice*

------------------------------------------------------------X

SCHANTA M. WRIGHT,

               Plaintiff,

        - v -

NEW YORK CITY HOUSING AUTHORITY, CITY OF NEW YORK

               Defendant.

------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160535/2022 |
| MOTION DATE | 09/01/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for     <u>DISMISSAL</u>.

Upon the foregoing documents, it is

This is an action by the plaintiff, Schanta M. Wright, to recover for personal injuries allegedly sustained on March 11, 2022, at the premises known as Drew-Hamilton Houses II located at 2680 Fredrick Douglass Boulevard, when plaintiff was caused to trip and fall inside Apartment #2K as a result of flooding from outside Apartment #2K that came into Apartment #2K.

Defendant, The City of New York ("City"), now moves for an order, pursuant to CPLR 3211 § (a)(7), dismissing the complaint and any cross-claims for the failure to state a cause of action as against the City.

<u>CPLR § 3211(a)(7):</u>

On a motion to dismiss pursuant to CPLR § 3211, the pleading is to be afforded a liberal construction, the facts alleged in the complaint accepted as true, accord plaintiffs the benefit of

## INCLUDES TRANSFER-REASSIGN

[* 1]

every favorable inference, and determine whether the facts alleged fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Claims:

Plaintiff is alleging claims of negligence based on a dangerous, defective, or hazardous condition existing on the premises, allegedly arising out of the City and co-defendant New York City Housing Authority's ("NYCHA") ownership, operation, control, management, maintenance, utilization, inspection, repair, and/or special use. "Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (*Espinal v Melville Snow Contractors, Inc.*, 98 NY2d 136, 138 [2002]). Although a jury determines whether and to what extent a particular duty was breached, it is for the court first to determine whether a duty exists (*Tagle v Jakob*, 97 NY2d 165, 168 [2001]). Liability for a dangerous or defective condition on property is predicated upon ownership, occupancy, control or special use of the property (*Ruffino v New York City Tr. Auth.*, 55 AD3d 817, 818 [2d Dept 2008]). Where none are present, generally a party cannot be held liable for injuries caused by the allegedly defective condition (*Id.*).

The City alleges that it did not own, operate, manage, maintain, control, or supervise the subject premises on the date of the incident, and therefore did not owe the plaintiff a duty of care. The City offers the affidavit of David Schloss, Senior Title Examiner with the New York City Law Department, whose title search establishes that NYCHA, not the City, was the record fee title owner for the property (NYSCEF Doc. No. 19). Further, NYCHA, in its answer, admits that

**INCLUDES TRANSFER-REASSIGN**

it owns, operates, and maintains the subject property (NYCSEF Doc. No. 2 ¶ 5). Plaintiff, while opposing the motion, fails to present evidence in admissible form to demonstrate that a question of fact exists (*see Constructamax, Inc. v Weber*, 109 AD3d 574, 575 [2d Dept 2013]). Therefore, the City has established that it may not be held liable as it did not own, occupy, control, or engage in a special use of the accident premises.

However, liability may also be imposed upon a party that creates a defective condition (*Micek v Greek Orthodox Church of Our Savior*, 139 AD3d 830, 831 [2d Dept 2016]). Plaintiff, in opposition, contends that the City did not dispose of the entirety of her claims as it failed to establish that it did not cause or create a defect at the property. The City, in its reply papers, submitted an affidavit of Kerry Lowe, Senior City Planner for the New York City Department of Citywide Administrative Services, whose search revealed no records indicating, either directly as owner or by means of a license or lease, that the accident premises were leased, owned, occupied, maintained, managed, or controlled by the City (NYSCEF Doc. No. 30). The court may consider the paper submitted in reply as it responds to matters raised in the plaintiff's opposition (*Boone v City of New York*, 92 AD3d 709, 710 [2d Dept 2012]). Plaintiff's allegation that, through discovery, she may establish that the City has a duty is unavailing (*see Gruppo v London*, 25 AD3d 486, 487 [1st Dept 2006] [speculation that discovery may reveal grounds to establish liability is not sufficient to avoid summary judgment]). Accordingly, as the plaintiff's claim is flatly rejected by the City's evidentiary submissions, dismissal is appropriate (*see Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999], *affd,* 94 NY2d 659 [2000]; *Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d 128, 135 [1st Dept 2014]).

# INCLUDES TRANSFER-REASSIGN

[* 3]

Accordingly, it is hereby

ORDERED that the motion of defendant The City of New York to dismiss the complaint and any cross-claims herein is granted and the complaint and cross-claims are dismissed in their entirety as against said defendant; and it is further

ORDERED that the remainder of the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that as the City of New York is no longer a party to this action, the matter should be removed from the City Part and the Clerk of the Court shall reassign this action to a General IAS Part; and it is further

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

This constitutes the decision and order of the court.

_____12/19/2023_____
DATE

NICHOLAS W. MOYNE, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

# INCLUDES TRANSFER-REASSIGN

[* 4]