■ JOHN CASABIANCA et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants and Third-Party Plaintiffs-Respondents. NATIONAL ACOUSTICS, INC., Third-Party Defendant-Appellant. [655 NYS2d 2] —Order, Supreme Court, New York County (Joan Lobis, J.), entered on or about March 19, 1996, which, in an action under Labor Law § 240 (1), granted plaintiffs' motion for summary judgment on the issue

of liability against defendants and third-party plaintiffs owner and general contractor, and granted the latter's motion for summary judgment on the issue of liability on their third-party cause of action for contractual indemnity against third-party defendant employer, unanimously affirmed, without costs.

Construing the statute liberally (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513), we find that the rolling scaffold elevated two feet off the ground did not meet the core objective of preventing injury from an elevation related risk and therefore the accident falls within the protection of the statute where plaintiff fell from the scaffold while installing ceiling tiles (*see, Guillory v Nautilus Real Estate*, 208 AD2d 336, 338, *appeal dismissed and lv denied* 86 NY2d 881). That the accident was unwitnessed does not preclude summary judgment, the IAS Court having properly found that plaintiff's versions of the accident were not inconsistent with each other or with the accident report, and that there was otherwise no bona fide issue as to plaintiff's credibility (*see, Rodriguez v New York City Hous. Auth.*, 194 AD2d 460, 462). The court also properly awarded contractual indemnity based upon the third parties' contract and the absence of any evidence tending to show that third-party plaintiffs supplied the scaffold, supervised or controlled the work, or were otherwise negligent (*see, Pritchard v Murray Walter, Inc.*, 157 AD2d 1012, 1014). Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.