■ JEREMY L. BOYLE, Appellant-Respondent, v 5 EAST 9TH STREET OWNERS CORPORATION, Respondent-Appellant, and ELLEN LEVY, Respondent and Third-Party Plaintiff. F.C. FREYVOGEL & COMPANY, INC., Third-Party Defendant-Respondent. (And Other Actions.) [673 NYS2d 128] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered June 4, 1997, which granted defendants' motions for summary judgment and dismissed the complaint and cross claims, unanimously affirmed, without costs.

Plaintiff was injured when an air conditioner he had just helped lift to a ceiling bracket where it was purportedly secured nonetheless fell some 1½ feet from the bracket and struck him. We agree with the IAS Court that plaintiff's harm was not attributable to some failure by defendants to take precautions required by Labor Law § 240 (1) to safeguard plaintiff—and, indeed, no such failure is specified by plaintiff—and, accordingly, that liability may not be imposed upon defendants under that statutory provision (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487; Amato v State of New York, 241 AD2d 400).

Having concluded that the IAS Court properly dismissed plaintiff's Labor Law § 240 (1) claim, and no issue having been raised on appeal concerning the dismissal of the balance of plaintiff's complaint, it is not necessary for us to address the issues raised by defendants Levy and 5 East 9th Street Owners concerning indemnification or the issue raised by 5 East in its cross-appeal respecting whether it is an owner for purposes of imposition of Labor Law liability. Concur—Milonas, J. P., Nardelli, Mazzarelli and Andrias, JJ.