■ JAIRO GARCIA, Appellant, v 1122 EAST 180TH STREET CORP., Respondent and Third-Party Plaintiff, et al., Third-Party Defendant. [675 NYS2d 2] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about May 27, 1997, which denied plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff, a carpenter, was seriously injured on defendant's premises when a "baker" scaffold upon which he was working, in connection with a school construction project, toppled and he fell to the floor from a height of 15 to 20 feet. This type of scaffold, mounted on four hard-rubber wheels designed to lock securely, had a platform about eight feet long and three feet wide, and at the time of the accident it had been elevated to its maximum height of about 10 feet. Because the wheel locks were broken, plaintiff had surrounded each wheel with pieces of sheetrock, for stability. But plaintiff needed to reach a height of 23 to 24 feet, in order to nail a metal stripping (bead) to the sheetrock wall. To gain this added height, he placed an A-frame ladder, in its closed position, atop the scaffold, with its apex resting against the wall. Working progressively upward, plaintiff reached the top rung of the ladder when his makeshift stabilization of the scaffold wheels failed and the scaffold moved away from the wall, turning over in the process.

A companion was working on the opposite wall in the room,

but he did not see the actual fall since his back was turned. After the crash, this co-worker rushed to get assistance. The job superintendent and others found plaintiff lying on the floor with the ladder nearby, and part of the overturned scaffold on top of him.

The IAS Court found "several unresolved factual issues" that precluded summary judgment. We disagree and reverse, since plaintiff's proofs are essentially unrebutted by anything except speculation, and to the extent that factual issues are raised, they are immaterial.

Plaintiff's motion sought summary judgment as to liability pursuant to Labor Law § 240 (1), which requires owners of buildings undergoing alteration to "furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." Here, there is no genuine dispute that while engaged in construction on an elevated workplace, plaintiff fell from a scaffold provided by the general contractor, and was injured as a result. Thus, the provisions of section 240 (1) apply, regardless of plaintiff's negligence in his use of the scaffold (*Hagins v State of New York*, 81 NY2d 921; *Bland v Manocherian*, 66 NY2d 452). And whether or not the wheel locks on the scaffold were functional, the absolute liability of section 240 (1) applies. The verified fact that the scaffold fell over, and thus did not protect plaintiff from falling to a concrete floor from a substantial height, establishes that the owner failed to take necessary steps to comply with the nondelegable obligation under section 240 (1) to furnish necessary equipment "so constructed, placed and operated as to give proper protection" to the employee. Since the core objective of section 240 (1) was defeated, defendant is absolutely liable for plaintiff's injuries, and summary judgment on the issue of liability should have been granted, even though the accident itself was not witnessed (*Casabianca v Port Auth.*, 237 AD2d 112).

Defendant argues that plaintiff was a "recalcitrant worker" (i.e., one who refuses to use available safety devices) when he failed to use the wheel locks properly. The argument is unavailing because there is no showing that plaintiff purposefully declined to use safety devices provided (*Stolt v General Foods Corp.*, 81 NY2d 918). Furthermore, an instruction simply to avoid using unsafe equipment or engaging in unsafe practices is not a " 'safety device' " (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563). The fact that another more suitable scaffold

may have been available somewhere else at the worksite is insufficient, as a matter of law, to permit defendant to escape liability (*McLean v Vahue & Son Bldrs.*, 210 AD2d 999). Concur—Ellerin, J. P., Wallach, Williams, Mazzarelli and Andrias, JJ.