■ LEONIDA TAVAREZ, Respondent, v SEA-CARGOES, INC., Appellant. [718 NYS2d 28] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about December 27, 1999, which denied both plaintiff's motion and defendant's cross motion for summary judgment, unanimously modified, on the law, defendant's cross motion granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, an employee of defendant's commercial tenant, was injured while assisting two other employees in removing an old air conditioning unit compressor from the roof of the building. The plan was to lower the compressor from the roof by a rope. In helping to lift the compressor off the parapet wall, plaintiff lost his grip and it slipped, severing his little finger.

In denying defendant's cross motion for summary judgment, Trial Term held that with regard to the cause of action based upon Labor Law § 240 (the Scaffold Act), there was at least a question of fact as to whether plaintiff suffered "an elevation related injury" while involved in "repairing a structure." While plaintiff's activity might fall within the category of structural repair, it did not involve an elevation device as contemplated in section 240 (1). The purpose of that section is to safeguard a worker from injury caused by an inadequate scaffold, hoist, stay, ladder or other protective device designed to shield him from the fall of object or person. Plaintiff's lifting activity was not the kind of hazard contemplated by this statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Boyle v 5 E. 9th St. Owners Corp.*, 250 AD2d 535). Indeed, the absence of any of the devices contemplated in the Scaffold Act renders this rooftop surface injury no different from one suffered on the ground (*Carroll v Timko Contr. Co.*, 264 AD2d 706; *Narrow v Crane-Hogan Structural Sys.*, 202 AD2d 841).

A cause of action under Labor Law § 241 (6) must be based on the breach of some rule of safety in connection with a Scaffold Act device. No such standard has been identified. The procedures outlined in the Industrial Code for removal of demolition debris (12 NYCRR 23-3.3 [e]) are inapposite here.

Under the circumstances, we find it unnecessary to consider the issue of whether plaintiff was a special employee of defendant, a status that might implicate a workers' compensation bar to recovery. Concur—Williams, J. P., Mazzarelli, Ellerin, Wallach and Saxe, JJ.