■ REYNOLDS BROWN, Appellant-Respondent, v VJB CONSTRUCTION CORP. et al., Respondents. (And a Third-Party Action.) VJB CONSTRUCTION CORP., Second Third-Party Plaintiff-Respondent-Respondent, v SKYLIFT CORPORATION, Second Third-Party Defendant-Respondent-Appellant. [857 NYS2d 55]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered May 16, 2006, which, in an action for personal injuries sustained by a worker on a construction site, insofar as appealed from, granted motions by defendant site owner (400 East), defendant construction manager (VJB) and third-party defendant contractor and plaintiff's employer (Skylift) for summary judgment dismissing the complaint, denied plaintiff's cross motion for partial summary judgment on the issue of defendants' liability under Labor Law § 240 (1), and granted VJB's motion for summary judgment on its third-party cause of action against Skylift for contractual indemnification, unanimously modified, on the law, to the extent of granting plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim against VJB and 400 East, and otherwise affirmed, without costs.

Plaintiff, a stone erector and welder for Skylift, working under the supervision of another Skylift employee, was placing 1,000-pound granite slabs against the side of 400 East's building at ground-floor level. Directions for placement of the stone slabs were given by plaintiff's foreman. The slabs were moved to the installation location by a forklift known as a Hi-Lo. Each stone was lifted about three feet from the ground when secured to the forklift by a steel U-shaped "stone clamp." The slabs were thus suspended from the forklift during transport. One Skylift employee drove the Hi-Lo and the other walked alongside, steadying the slab by hand until they reached plaintiff who guided it into place at the building wall.

The accident occurred when one of the 1,000-pound slabs fell from the Hi-Lo as it approached the wall, struck the ground and tilted over, pinning plaintiff's right wrist between the stone panel and the wall.

Plaintiff commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) against VJB and 400 East. Plaintiff stated the accident was caused because the clamp was originally too small for the slabs being moved that day. The clamp was then modified by being cut and stretched in order to fit around the slab. In his affidavit, plaintiff's supervisor agreed that the clamp failed, but attributed the failure to difficult surface conditions at the site, particularly construction debris,

which compelled the use of a forklift. A hand truck was ordinarily the preferred method of moving slabs. Plaintiff's supervisor further stated that he had repeatedly complained of these conditions to VJB, but nothing was done, and that Skylift had no duty or authority to police the site. Skylift could not remove the debris of other contractors and fill in or patch holes in the ground or rearrange the wood planking on the ground.

400 East and VJB answered and cross-claimed against each other. 400 East and VJB also commenced third-party actions against Skylift. Skylift answered, cross-claimed and asserted a counterclaim against 400 East for indemnification.

After completion of discovery, VJB moved, inter alia, for summary judgment dismissing plaintiff's complaint and against Skylift for contractual indemnity and attorneys' fees. 400 East and Skylift cross-moved for summary judgment dismissing, inter alia, all Labor Law claims. Plaintiff cross-moved for partial summary judgment on his Labor Law § 240 (1) claim.

The motion court denied plaintiff's cross motion and granted defendants' motion and cross motions for summary judgment and dismissed all plaintiff's Labor Law and common-law negligence claims. The court held that, to trigger Labor Law § 240 in a falling object accident, the work site must be elevated above or positioned below the area where the object was being hoisted or secured, citing numerous First Department cases, and that Labor Law § 240 did not apply here because the granite slab and work site were both at ground level.

The court also dismissed plaintiff's Labor Law § 200 and common-law negligence claims because VJB and 400 East did not exercise supervisory control over Skylift's operations. The Labor Law § 241 (6) claim was dismissed because the Industrial Code section invoked excluded forklifts from its application. The court further held that VJB was entitled to contractual indemnification by Skylift pursuant to the indemnification provision in the rider to Skylift's contract.

On appeal, plaintiff argues that the court erred in dismissing his Labor Law § 240 (1) claim since the accident was caused by the inadequacy of the hoisting apparatus, and that the court erred in dismissing the Labor Law § 200 claim because of the existence of questions of fact as to whether the accident was due to a defective condition on the premises for which VJB had actual or constructive notice.

400 East and Skylift argue that the court erred in granting contractual indemnification against Skylift because material issues of fact exist as to whether VJB was negligent in carrying out its duties which proximately contributed to the accident.

For the reasons set forth below, we modify to the extent of granting plaintiff summary judgment on his Labor Law § 240 (1) claim as against VJB and 400 East. It is well settled that Labor Law § 240 (1) is implicated where protective devices prove "inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]). In the seminal case of *Ross*, the Court of Appeals made clear that section 240 (1) is not implicated in all gravity-related accidents but is limited to such specific gravity-related accidents as being struck by a falling object that was improperly hoisted or inadequately secured (*id.*; *see also Tavarez v Sea-Cargoes,* 278 AD2d 94, 95 [2000] [the purpose of section 240 (1) is to safeguard a worker from injury caused by an inadequate scaffold, hoist, stay ladder or other protective device designed to shield him from the fall of an object or person]).

There is no dispute in this case that, due to the failure of the clamp, the 1,000-pound slab of granite fell a distance of about three feet as it was being hoisted from one location on the construction site to the wall of the building.

Defendants argue that Labor Law § 240 (1) requires a "substantial" elevation differential. They further argue that there was no such differential in this case since the forklift that hoisted the slab was positioned at the same level as plaintiff. Defendants are incorrect as to the requirement of a *substantial* differential. While it is true that section 240 (1) liability requires an elevation differential between the worker and the object being hoisted (*Daley v City of New York Metro. Transp. Auth.*, 277 AD2d 88, 89-90 [2000]), the extent of the elevation differential is not necessarily determinative of whether an accident falls within the ambit of Labor Law § 240 (1) (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515 [1991]; *see also Outar v City of New York*, 5 NY3d 731 [2005] [5½-feet height differential was sufficient]; *Cammon v City of New York*, 21 AD3d 196 [2005]; *Casabianca v Port Auth. of N.Y. & N.J.*, 237 AD2d 112 [1997] [a rolling scaffold elevated just two feet off the ground brought injured worker within section 240 (1) protection]). Indeed, a more recent determination by this Court in a case evincing similar circumstances requires that we grant this plaintiff summary judgment on his Labor Law § 240 (1) claim. In *Gonzalez v Glenwood Mason Supply Co., Inc.* (41 AD3d 338 [2007]), the plaintiff was hit with a load of cinder blocks that became loose and fell on him as it was being hoisted by a fork boom from a flatbed truck and lowered onto a pallet near where he was standing. This Court found that this elevation risk fell within the ambit of Labor Law § 240 (*id.* at 339).

Similarly, in this case, it is of no consequence that the ultimate destination of the slab was the same level where the forklift was positioned, or where plaintiff was standing. The relevant facts are that a slab of granite measuring four by three feet and weighing 1,000 pounds had to be hoisted three feet above grade in order to transport it, and that the accident occurred while it was hoisted in the air due to the effects of gravity and the defective clamp (*see Rocovich*, 78 NY2d at 514). Undisputed evidence demonstrates that the clamp clearly failed in its core objective of preventing the object from falling because the slab, in fact, fell, injuring plaintiff.

Plaintiff's Labor Law § 200 and common-law claims as against VJB and 400 East were correctly dismissed because Skylift provided and operated the forklift and clamp and alone controlled the method of transporting the slabs and installing them (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 219-221 [2003], *lv denied* 100 NY2d 508 [2003]). If the surface conditions necessitated a different clamp or a different method of moving the slabs, such failures to alter their own operating procedures were Skylift's. Further, VJB was correctly awarded indemnification against Skylift based on the latter's contract with 400 East and the absence of evidence that any negligence by VJB proximately caused the accident. The affidavit of plaintiff's supervisor, opining that the slab fell because of rough ground conditions over which the forklift traveled and for which VJB was responsible, fails to show the supervisor's qualifications to so opine, makes no reference to the allegedly undersized clamp, and is otherwise speculative and lacking in evidentiary value.

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Catterson and Kavanagh, JJ.