Hensel v Aviator FSC, Inc. (2021 NY Slip Op 05697)





Hensel v Aviator FSC, Inc.


2021 NY Slip Op 05697


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-03442
 (Index No. 507035/13)

[*1]Michael Hensel, respondent, 
v
Aviator FSC, Inc., appellant.


Gfeller Laurie, LLP, New York, NY (Shawn M. Cestaro of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated January 5, 2018. The order, insofar as appealed from, (1) denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1); (2) granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1); and (3) denied, as academic, the remaining branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
ORDERED the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action to recover damages for personal injuries. At the time of the accident, the plaintiff was loading heavy soccer boards into the back of a box truck. The boards had been used to form the walls for indoor soccer fields. The boards were all between 6 and 12 feet long and weighed more than 100 pounds each. The plaintiff alleged that while he stood on the ground next a forklift, one of the boards slid off the forklift and struck him in the head. The complaint alleged that the forklift was defective and lacked certain safety devices which would have secured the boards and prevented the accident.
As relevant here, the complaint set forth causes of action alleging common-law negligence, and violations of Labor Law §§ 200, 240(1), and 241(6). The defendant moved for summary judgment dismissing the complaint. The defendant argued that "[a]t the time of the incident, there was no ongoing construction, demolition, or excavation work being performed."
The plaintiff opposed the defendant's motion, arguing that the removal of the boards constituted "demolition work" within the meaning of Labor Law § 240(1). The plaintiff cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendant opposed the plaintiff's cross motion.
The Supreme Court, inter alia, (1) denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), (2) granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and (3) [*2]denied, as academic, those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The defendant appeals. We affirm the order insofar as appealed from.
"Labor Law § 240(1) provides special protection to those engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 880). The defendant contends that the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) because the plaintiff was not engaged in a covered activity at the time of his injury.
The question of whether a particular activity falls within section 240(1) must be determined "on a case-by-case basis, depending on the context of the work" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 883). Here, as the Supreme Court correctly concluded, the disassembly and removal of the boards from the soccer field was a partial dismantling of a structure (see 12 NYCRR 23-1.4[16]), and constituted "demolition" within the meaning of Labor Law § 240(1). Contrary to the defendant's contention, the disassembly and removal of the boards was also a significant physical change to the configuration of the structure (see Joblon v Solow, 91 NY2d 457, 465), and constituted "altering" within the meaning of Labor Law § 240(1). The plaintiff's role in hauling away the boards after they had been removed by the defendant was an act "ancillary" to the demolition and alteration of the field structure, and protected under Labor Law § 240(1) (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 882; see Saint v Syracuse Supply Co., 25 NY3d 117, 125-126; Bonilla-Reyes v Ribellino, 169 AD3d 858, 860; Kharie v South Shore Record Mgt., Inc., 118 AD3d 955, 956; Scally v Regional Indus. Partnership, 9 AD3d 865, 866).
The defendant also contends that the Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) because the plaintiff's injury was not caused by a qualifying elevation-related hazard and because "no safety devices were required."
"Labor Law § 240 (1) relates only to 'special hazards' presenting 'elevation-related risk[s]'" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97, quoting Rocovich v Consolidated Edison Co., 78 NY2d 509, 514). "Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 494 [emphasis omitted]; see Brown v VJB Constr. Corp., 50 AD3d 373, 376). "[L]iability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267; see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904). "Labor Law § 240(1) imposes absolute liability upon an owner or contractor for failing to provide or erect safety devices necessary to give proper protection to a worker who sustains injuries proximately caused by that failure" (Bland v Manocherian, 66 NY2d 452, 459).
"'[F]alling object' liability under Labor Law § 240(1) is not limited to cases in which the falling object is in the process of being hoisted or secured" (Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757, 758-759; see Sung Kyu-To v Triangle Equities, LLC, 84 AD3d 1058, 1059-1060; Vargas v City of New York, 59 AD3d 261, 261). Rather, liability may be imposed where an object or material that fell, causing injury, was "a load that required securing for the purposes of the undertaking at the time it fell" (Narducci v Manhasset Bay Assoc., 96 NY2d at 268; see Rocovich v Consolidated Edison Co., 78 NY2d at 514; Sung Kyu-To v Triangle Equities, LLC, 84 AD3d at 1059-1060; Portillo v Roby Anne Dev., LLC, 32 AD3d 421, 421). "In order to prevail on summary judgment in a section 240(1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662, quoting Narducci v Manhasset Bay Assoc., 96 NY2d at 267; see Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 340; Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d at 759; Berg v Albany Ladder [*3]Co., Inc., 10 NY3d at 904; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501; see also Outar v City of New York, 5 NY3d 731, 732; Narducci v Manhasset Bay Assoc., 96 NY2d at 267).
Here, the plaintiff established that the forklift was being used to lift heavy soccer boards. The boards were stacked on top of the forks of the forklift, and lifted into the air so they could be transferred and stacked in the back of the box truck. The plaintiff testified at his deposition that a portion of the forklift had been removed so that it could fit through a certain doorway on the premises. At the time of the accident, the plaintiff and his coworkers were attempting to slide one of the boards from a stack on the raised forklift into the back of the truck. The stack was raised to a height of approximately 8 or 9 feet at the time of the accident. The plaintiff was struck in the head by a board, weighing approximately 200 pounds, when it slid sideways off the stack and over the cab of the forklift while the plaintiff stood at ground level. The plaintiff's submissions, which included an expert affidavit from a professional engineer, demonstrated that the forklift had been modified and lacked certain safety devices, including "load guides and/or guide rails," which could have been used to "constrain the boards as they were moved from the elevated forks into the truck." Contrary to the defendant's contentions, the plaintiff established, prima facie, the existence of a hazard contemplated under Labor Law § 240(1), and that the failure to provide an adequate safety device caused him to sustain an injury as a result of that hazard (see Bilderback v Agway Petroleum Corp., 185 AD2d 372, 373-374; see also Outar v City of New York, 5 NY3d at 732; De Haen v Rockwood Sprinkler Co., 258 NY 350, 353-354; Castillo v 62-25 30th Ave. Realty, LLC, 47 AD3d 865, 866; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 487-488; Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517, 517-518; cf. Tambasco v Norton Co., 207 AD2d 618, 621).
The defendant's remaining contentions are without merit, are not properly before this Court, or need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court