| **Coscia v City of New York** |
|:---:|
| 2024 NY Slip Op 31848(U) |
| May 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 154508/2020 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. SABRINA KRAUS**

*Justice*

PART      **57M**

-------------------------------------------------------------------------X

THOMAS J. COSCIA,

          Plaintiff,

- v -

THE CITY OF NEW YORK, NEW YORK STATE URBAN
DEVELOPMENT CORPORATION d/b/a EMPIRE STATE
DEVELOPMENT CORPORATION ("ESDC"), SEVENTH
REGIMENT ARMORY CONSERVANCY, INC.,SANFORD L.
SMITH & ASSOCIATES LTD.,

          Defendant.

-------------------------------------------------------------------------X

SANFORD L. SMITH & ASSOCIATES LTD.

          Plaintiff,

-against-

SELECT EXPOSITION SERVICES, SELECT CONTRACTING,
INC.

          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154508/2020 |
| MOTION DATE | 12/15/2023 |
| MOTION SEQ. NO. | 001 002 003 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595280/2021

The following e-filed documents, listed by NYSCEF document number (Motion 001) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 112, 137, 138, 140, 144, 147, 150, 153, 159, 160, 161, 162, 163, 164

were read on this motion to/for           SUMMARY JUDGMENT           .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 113, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 141, 145, 148, 151, 154, 156, 157

were read on this motion to/for           SUMMARY JUDGMENT           .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 114, 133, 134, 135, 136, 142, 143, 146, 149, 152, 155, 158, 165, 166

were read on this motion to/for           SUMMARY JUDGMENT           .

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No. 001 002 003

Page 1 of 14

1 of 14

[* 1]

## BACKGROUND

This is an action to recover damages for personal injuries allegedly sustained by Plaintiff while on the job at 643 Park Avenue in Manhattan (the "Premises"), when he was struck by walls that fell from a forklift which he was helping to unload for the preparation of an art exhibit. Defendant New York State Urban Development Corporation d/b/a Empire State Development Corporation ("ESDC") is the owner of the Premises. Defendant Seventh Regiment Armory Conservancy, Inc. ("Armory") leased the premises. Defendant/Third Party Plaintiff Sanford L. Smith & Associates LTD. ("Sanford") was the general contractor for the work being performed at the Premises, who hired third party defendant Select Exposition Services, plaintiff's employer, as a subcontractor to erect exhibits at the Premises.

Plaintiff asserts causes of action for negligence, and for violations of Labor Law §§ 200, 240(1), and 241(6) against defendants. In his Verified Bill of Particulars, he alleges injuries to his left ankle/foot, left knee, left hip, cervical spine, lumbar spine, and left shoulder. He also alleges head injuries, including post-concussion syndrome, loss of consciousness, punctate wound, abrasions, dizziness, headaches, loss of balance, and phonophobia which result in "significant dysfunctions affecting his attention, concentration, memory, verbal and language skills, as well as impairment in executive function and sensory motor tasks."

## PENDING MOTIONS

On December 6, 2023, third party defendants Select Exposition Services and Select Contracting, Inc. (collectively, "Select") moved for an order pursuant to CPLR § 3212 granting them summary judgment dismissing the third-party complaint and claims and cross claims against them (Mot. Seq. 1).

**154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK**
**Motion No.  001 002 003**

**Page 2 of 14**

2 of 14

On December 8, 2023, Plaintiff moved for an order pursuant to CPLR § 3212 granting him summary judgment on the issue of liability on his Labor Law § 240(1) claim (Mot. Seq. 2).

On December 8, 2023, defendants ESDC and Armory (collectively, "Armory Defendants") moved for an order pursuant to CPLR § 3212 granting them summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims and all cross claims against them and granting summary judgment on their cross claims for common-law and contractual indemnification against Sanford. (Mot. Seq. 3)

The motions are consolidated herein and granted to the extent set forth below.

## ALLEGED FACTS

Plaintiff, who is five foot six inches tall, testified that at the time of the accident, he was employed by Select as an exposition worker. On November 11, 2019, plaintiff, along with around 20-25 other Select employees, was working at the "drill hall" on the premises helping to assemble an art exhibit. Plaintiff was tasked with helping to unload the trucks, move the materials from the unloaded truck and stand the walls to build the exhibition. The exhibit walls were delivered to the premises stacked on pallets, which would be placed on wooden dollies. The pallets contained 20-25 walls, weighing approximately 100 pounds each, around 2000-2500 pounds total. They were four feet wide by 10 feet long, about 3 inches thick each. The stacks of walls would usually be secured by metal straps, but he was unsure whether the one that fell on him was secured by straps. At the time of plaintiff's accident, he was gathering materials when somebody said "Look out. Heads up" as a stack of walls fell off a forklift "like an avalanche," "coming off one after another" and hit plaintiff, injuring him. He guessed that the stack was lifted around 10-15 feet in the air before it hit him but did not see it.

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 3 of 14

3 of 14

[* 3]

Non-party witness Michael Cody was working for Select at the time of the accident as a teamster, operating the "high-low" or forklift. He approximated that each stack of walls contained 10-15 walls, had a height of around five to six feet and weighed over 1000 pounds total, usually banded to the pallet beneath them. He testified that he was helping to remove walls from the truck when the accident occurred. A pallet fell off the Hi-Low and hit plaintiff from a height of at least four feet off the ground. He did not know whether the load had straps on it but did not observe any around it after the fact, and guessed there were not any because "it would have stopped them from falling." He guessed that "maybe half" of the walls fell on plaintiff.

John Ingigneri, a foreman for Select, testified that he was at the jobsite on the day of the accident, though he did not witness it. He guessed that each wall in a stack weighed 30 pounds, with 25 walls in a stack.

The director of operations for Armory, Mark Von Braunsberg testified on behalf of the Armory Defendants. He stated that Armory simply rents the premises, does not provide personnel or equipment to the facility renter. The renter handles their own traffic plan including controlling access and deliveries of the truck. Nor does the Armory supply any laborers for the construction partition walls. The Armory did not have any employees in the Drill Hall while the unloading work was taking place, other than Von Braunsberg who was present solely to introduce himself.

## DISCUSSION

### *Summary Judgment Standard*

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR § 3212(b); *Matter of New York City Asbestos Litig.*,

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 4 of 14

[* 4]                                          4 of 14

33 NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d 966, 967 (1988). In deciding the motion, the evidence must be viewed in the "light most favorable to the opponent of the motion and [the court] must give that party the benefit of every favorable inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

### Plaintiff's Negligence and Labor Law § 200 claims

Armory Defendants seek dismissal of plaintiff's Labor Law § 200 and common law negligence claims, contending that it only provided event space, and lacked supervision or control of plaintiff's work, and had no notice of any unsafe conduct. They note that plaintiff does not allege any defective premises condition.

Sanford opposes, arguing that Armory Defendants fail to meet their *prima facie* burden. It contends that there is at minimum a question of fact as to whether plaintiff's injuries arose out of Armory's duties and obligations, in light of paragraph 5(h)(i) of the contract which they argue evinces that Armory maintained significant control and direction of the unloading work.

Plaintiff does not oppose dismissal of his Labor Law § 200 and common law negligence claims.

The duty to provide a safe worksite imposed upon owners, general contractor and their agents is based upon supervision and control. "The purpose of the [Labor Law] is to protect workers by placing the 'ultimate responsibility' for worksite safety on the owner and general contractor instead of the workers themselves." *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500 (1993); *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 (1991). Labor Law §

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 5 of 14

5 of 14

200 is the codification of the common-law duty of owners, general contractors and their agents to protect the health and safety "of all persons employed therein or lawfully frequenting such places." *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299 (1978). An implicit precondition of this duty "is that the party charged with that responsibility has the authority to control the activity bringing about the injury." *Russin v Picciano & Son*, 54 NY2d 311, 317 (1981).

Labor Law § 200 applies where workers are injured as a result of dangerous or defective premises conditions at a worksite or where a worker is injured due to the way the work is performed. When a premises condition is at issue, the owner or general contractor may be held liable for a violation of the statute if they created the condition that caused the accident or had actual or constructive notice of the dangerous condition. *See Alonzo v Safe Harbors of the Hudson Housing Dev. Fund Co., Inc.*, 104 AD3d 446 (1st Dept 2013); *Singh v Black Diamonds LLC*, 24 AD3d 138 (1st Dept 2005). When the means and manner of the work are at issue, "a plaintiff must show that the owner or agent have the authority to control the activity bringing about the injury to enable it to avoid or correct any unsafe condition." *Lemanche v MIP One Wall St. Acquisition, LLC*, 190 AD3d 422 (1st Dept 2021); *see Rizzuto v L.A. Wegner Contr. Co.*, 91 NY2d 343 (1998).

Here, there is no allegation of a dangerous or defective premises condition. Additionally, it is uncontroverted that Armory lacked authority and did not in fact supervise or control plaintiff's work. Sanford's argument that paragraph 5(h)(i) of the event user agreement raises an issue of fact as to Armory's control of loading/unloading activity is unavailing, as the provision does not set out supervisory responsibility for Armory, but merely sets conditions for Sanford to follow when loading and unloading.

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 6 of 14

Absent evidence of supervisory control over plaintiff's work, there is no basis to find Armory Defendants negligent for plaintiff's injuries. Thus, plaintiff's causes of actions pursuant to Labor Law § 200 and common law negligence are dismissed as against Armory Defendants.

### *Plaintiff's Labor Law § 240(1) claim*

Plaintiff moves for summary judgment on his Labor Law § 240(1) claim, arguing that plaintiff's accident was clearly gravity related, and defendants' failure to secure the stack of walls or provide overhead protections are both clear violations of the statute. He cites the expert affidavit of Certified Safety Manager Kathleen Hopkins, who opines that defendants' failure to safely secure the stack with hoists or to ensure that the stack of walls were adequately secured to the forklift with stays, blocks, braces, irons, ropes, or other devices was a failure in their duty to protect plaintiff from gravity related risks and caused plaintiff's injuries, in violation of the statute.

Sanford opposes, arguing that there are triable issues of fact, as plaintiff does not cite testimony definitively indicating that the walls were unsecured, or that plaintiff was not provided with overhead protection. It contends that there is an issue of fact as to whether the accident was caused by a significant height differential, given testimony that the stack was only four feet off the ground when it fell. It argues that Labor Law § 240(1) is inapplicable, as loading/unloading activities, such as plaintiff was engaged in at the time of the accident, do not present elevation related risks covered by the statute. It contends plaintiff's expert affidavit is invalid, as it makes conclusory assertions, is based solely on plaintiff's account, and because the expert did not personally inspect the accident site or equipment.

Armory Defendants adopt all of Sanford's arguments in opposition.

**154508/2020  COSCIA, THOMAS J. vs. CITY OF NEW YORK**
**Motion No.  001 002 003**

**Page 7 of 14**

7 of 14

In reply, Plaintiff notes that even if the walls were secured, it was obviously insufficient given the fact that they fell on him. He argues that even if the stack was only four feet off the ground, combined with the fact that it was four feet tall, and weighed at least 65 pounds, it was enough to create an elevation related risk.

In relevant part, Labor Law § 240(1) provides that contractors and owners, and their agents who erect a building or structure shall furnish or erect "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." It is well settled that "[t]he extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass *any and all* perils that may be connected in some tangential way with the effects of gravity.'" *Nieves v Five Boro Air Conditioning & Refrig. Corp.*, 93 NY2d 914, 915-916 (1999), quoting *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 (1993); *see Misseritti v Mark IV Constr. Co. Inc.*, 86 NY2d 487, 491 (1995).

"Rather, liability is contingent upon the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein." *Narducci v Manhasset Bay Associates*, 96 NY2d 259, 267 (2001). Moreover, Labor Law § 240(1) only applies to "exceptionally dangerous conditions posed by elevation differentials at work site" rather than the usual and ordinary hazards of construction. *See Misseritti*, 86 NY2d at 491.

Defendants cite authority that the loading and unloading of a truck does not often present an elevation hazard covered by Labor Law § 240(1). *See Landa v City of New York,* 17 AD3d 180 (1st Dept 2005). Here however, the object that caused plaintiff's accident fell while being hoisted on a forklift, not off a truck, which is activity that has been found to be covered by the

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 8 of 14

statute. *See Hensel v Aviator FSC, Inc.*, 198 AD3d 884 (2d Dept 2021); *Brown v VJB Const. Corp.*, 50 AD3d 373 (1st Dept 2008).

Whether or not the stack was secured is immaterial, as it is uncontroverted that the stack fell on plaintiff and "the inadequacy or failure of a device meant to secure an object is sufficient to impose liability on a defendant under section 240 (1)." *Medouze v Plaza Constr. LLC*, 199 AD3d 465 (1st Dept 2021); *see Mayorga v 75 Plaza LLC*, 191 AD3d 606 (1st Dept 2021).

For liability to be imposed under Labor Law § 240(1), the elevation differential must be "physically significant." *Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90 (2015); citing *Wilenski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1 (2011); *Runner v New York Stock Exch., Inc.*, 13 NY3d 599 (2009). Whether a differential is "physically significant" is a consideration not just of height, but of the weight of the object and the amount of force it was capable of generating. *Runner*, 13 NY3d at 605.

Here, there are significant discrepancies in the testimony as to the weight and quantity of the walls, in each stack, and their height above the ground at the time of the accident. Affording defendants the benefit of every favorable inference, the lowest estimates in the record would put each wall at a weight of around 30 pounds, at a height of four feet off the ground stacked about four feet high, with seven or eight walls falling on plaintiff. As plaintiff is five foot six inches tall, that would constitute a load of over 200 pounds falling several feet onto plaintiff.

In *Hensel*, *supra*, the Second Department found that a 200-pound board, falling from a forklift raised to a height of eight or nine feet onto the plaintiff constituted a hazard contemplated under Labor Law § 240(1). As this is similar to the lowest estimates provided here, plaintiff has met his *prima facie* burden in support of summary judgment on his Labor Law § 240(1) claim,

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 9 of 14

and defendants fail to properly assert the existence of material issues of fact that would preclude summary judgment on the issue of liability.

Given this outcome, it is unnecessary to consider the sufficiency of plaintiff's expert.

### *Armory Defendants' Cross Claims Against Sanford*

Armory Defendants seek summary judgment on their contractual and common law indemnification cross claims against Sanford, arguing that Sanford had full responsibility for the premises, and thus plaintiff's work on it. They also contend that Sanford breached the insurance procurement provision of the event user agreement ("the contract") by failing to provide coverage to Armory.

In opposition, Sanford argues that the contract is unenforceable under General Obligations Law §5-321, as the "arising from or relating to" language is overbroad, and therefore void. They contend that there remains a question of fact as to whether plaintiff's accident arose out of its duties and obligations. They contend that Armory Defendants fail to show damages due to their failure to procure insurance.

General Obligations Law §5-321 Provides that:

Every covenant, agreement or understanding in or in connection with or collateral to any lease of real property exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor, his agents, servants or employees, in the operation or maintenance of the demised premises or the real property containing the demised premises shall be deemed to be void as against public policy and wholly unenforceable.

Here, the subject indemnification clause, contained in Section 5(l)(ii) of the contract, provides that Sanford is required to indemnify Armory Defendants:

…from and against any and all claims, lawsuits, actions of any type, demands, damages, judgments or liabilities (including liabilities for penalties and attorneys' fees and disbursements) of any nature whatsoever, actual or threatened, resulting from or arising out of this Agreement (other than the Armory's negligence or willful misconduct)…

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No.  001 002 003

Page 10 of 14

[* 10]

As the indemnification provision clearly and specifically excludes negligent or willful conduct by Armory, the provision is not void pursuant to General Obligations Law §5-321.

The court has found that Armory Defendants were not negligent. Further, it is clear that plaintiff's accident arose out of the agreement, as it occurred during the construction for the event that was the subject of the contract. *See Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869 (2008). Thus, Armory defendants are entitled to a conditional order of indemnification against Sanford.

Armory defendants request for summary judgment on its claim for breach of contract for failure to procure insurance is premature in the absence of identifiable damages. *Nenadovic v P.T. Tenants Corp.*, 94 AD3d 534 (1st Dept 2012); *see Inchaustegui v 666 5th Ave. Ltd. P'ship*, 96 NY2d 111 (2001).

### *Sanford's Cross Claims against Armory Defendants*

Armory defendants seek dismissal of Sanford's cross claims for contractual and common law indemnification, arguing that it was not negligent, and there is no contract provision creating an indemnity obligation for them towards Sanford.

In opposition, Sanford argues that there remains a question of fact as to whether Armory was negligent.

Absent opposition, Sanford's cross claim for contractual indemnification is dismissed. Additionally, as the court finds that Armory defendants were not negligent, Sanford's cross claim for common law indemnification is dismissed.

### *Sanford's Claims against Select*

Select seeks dismissal of Sanford's third-party claims against it. It argues that its contractual indemnification and breach of contract for failure to procure insurance claims should

154508/2020  COSCIA, THOMAS J. vs. CITY OF NEW YORK                    Page 11 of 14
Motion No.  001 002 003

11 of 14

be dismissed absent any contract between them. It also argues that its common law indemnification and contribution claims should be dismissed based on § 11 of the Workers Compensation Law, arguing that plaintiff does not assert a grave injury, including traumatic brain injury. It cites the evaluations of multiple IME doctors, who found that plaintiff suffered no permanent cognitive impairment, and that plaintiff is capable of returning to work.

Sanford opposes dismissal of its common law claims, arguing that it is an issue of fact whether plaintiff's head injuries constitute grave injuries.

Absent opposition, Sanford's third-party claims for contractual indemnification and breach of contract for failure to procure insurance are dismissed.

> An employer's liability for an on-the-job injury is generally limited to workers' compensation benefits, but when an employee suffers a 'grave injury' the employer also may be liable to third parties for indemnification or contribution Under Workers' Compensation Law § 11, the definition of "grave injury" includes "an acquired injury to the brain caused by an external physical force resulting in permanent total disability," meaning, the injured worker is no longer employable "in any capacity"

*Alulema v ZEV Electrical Corp.*, 168 AD3d 469 (2019). "[E]vidence that a plaintiff suffered from certain brain conditions, such as depression and post-concussion syndrome, does not constitute grave injury absent proof that the individual was rendered unemployable in any capacity." *Id.*, citing *Purcell v Visiting Nurses Found. Inc.*, 127 AD3d 572, 574 (1st Dept. 2015); *Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 501 (1st Dept. 2015); *Anton v West Manor Constr. Corp.*, 100 AD3d 523, 524 (1st Dept. 2012).

Here, while plaintiff asserts multiple head injuries resulting from his accident, Select meets its *prima facie* burden in support of summary judgment by attaching IME reports indicating that none of his head injuries are permanent in nature or will prevent him from working "in any capacity." In opposition, Sanford fails to submit evidence that would raise a

154508/2020  COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No. 001 002 003

Page 12 of 14

12 of 14

triable issue of fact as to whether plaintiff suffered a grave injury as defined by the statute. Thus, Sanford's common law claims are barred by § 11 of the Workers Compensation Law and are dismissed.

## CONCLUSION

Accordingly, it is hereby:

ORDERED, that third-party defendants Select Exposition Services and Select Contracting, Inc.'s motion for summary judgment (mot. seq. 1) is granted and all claims against it are dismissed; and it is further

ORDERED, that Plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim (mot. seq. 2) is granted; and it is further

ORDERED defendants ESDC and Armory's motion for partial summary judgment (mot. seq. 3) is granted, to the extent that plaintiff's Labor Law § 200 and common law negligence claims and Sanford's cross claims are dismissed against them, and they are entitled to a conditional order of contractual indemnification against Sanford, and is otherwise denied; and it is further

ORDERED that, within 20 days from entry of this order, defendants shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed*

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Motion No. 001 002 003    Page 13 of 14

13 of 14

*Cases* (accessible at the "E-Filing" page on the court's website at the address

www.nycourts.gov/supctmanh);]; and it is further

ORDERED that counsel appear for a virtual pre-trial conference on July 31, 2024 at

11:00 am at which time a final trial date will be set.

This constitutes the decision and order of this court.

202405290936 24SBKRAUSA1H2F37392A840DE96363F53B7D9B051

| 5/29/2024 | SABRINA KRAUS, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

154508/2020   COSCIA, THOMAS J. vs. CITY OF NEW YORK
Page 14 of 14
Motion No.  001 002 003

14 of 14